J. Doe, Pro Se Plaintiff

☑ FILED     ___ LODGED
___ RECEIVED  ___ COPY

JUN 2 6 2026

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

J. Doe,

Plaintiff,

v.

ARIZONA BOARD OF REGENTS, for

and on behalf of ARIZONA STATE

UNIVERSITY,

Defendant.

Case No.:  **CV-26-04444-PHX-MTM**

**MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM, TO LODGE IDENTIFYING INFORMATION UNDER SEAL, AND FOR LIMITED ORDER GOVERNING PUBLIC FILINGS**

## MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff J. Doe respectfully moves for leave to proceed publicly under the pseudonym "J. Doe," to lodge Plaintiff-identifying information under seal, and for a limited order requiring public filings to use the pseudonym and role-based identifiers unless the Court orders otherwise. This motion is narrow. Plaintiff does not seek anonymity from Defendant Arizona Board of Regents, for and on behalf of Arizona State University ("ABOR" or, where context requires, "ASU"), which already knows Plaintiff's identity from employment, accommodation, leave, and EEOC records.

Plaintiff seeks only to prevent unnecessary public disclosure of Plaintiff's name and identifying details in a case concerning disability accommodations, medical restrictions, protected leave, short-term disability leave, and related medical, behavioral-health, and disability-related documentation.

Plaintiff has lodged separately a sealed declaration and Rule 5.2 Reference List identifying Plaintiff, Plaintiff's name and contact information, and the public identifiers used in the pleadings. Plaintiff has not attached those materials to this public motion because doing so would defeat the requested relief. Plaintiff also lodges a proposed unredacted Complaint under seal. The public Complaint is submitted concurrently for the public docket and states the claims and factual chronology without disclosing Plaintiff's identity or unnecessary medical detail.

## I. Legal standard.

Rule 10(a) generally requires the title of the complaint to name all parties. Fed. R. Civ. P. 10(a). The Ninth Circuit permits pseudonymity when a party's need for anonymity outweighs prejudice to the opposing party and the public's interest in open judicial proceedings. Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1067-69 (9th Cir. 2000); Doe v. Kamehameha Schs./Bernice Pauahi Bishop Estate, 596 F.3d 1036, 1042-43 (9th Cir. 2010). Rule 5.2 permits a redacted filing to be accompanied by an additional unredacted copy under seal and permits a sealed reference list identifying redacted information. Fed. R. Civ. P. 5.2(f)-(g). LRCiv 5.6 requires a clear factual and legal basis for sealing and separate lodging of the proposed sealed materials. Rule 26(c)(1) also permits protective relief for good cause

to protect against embarrassment, oppression, or undue burden. To the extent the Court applies the compelling-reasons standard to any lodged pleading or merits-related material, that standard is also satisfied. See Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-99 (9th Cir. 2016). The requested sealing is limited to Plaintiff's name, contact information, sealed identifiers, and medical, behavioral-health, and disability-related identifying details, while the public Complaint remains available on the public docket.

## II. Good cause exists because public identification would create an identifying mosaic.

This case necessarily concerns disability-related limitations, accommodation requests, medical restrictions, FMLA leave, short-term disability leave, and alleged retaliation. Plaintiff has used role-based descriptions such as "the academic department," "the Dean," "the supervisor," "the ADA Coordinator," and "HR" to minimize unnecessary public disclosure. That approach is not meant to make the allegations generic. It is meant to avoid a public identifying mosaic. If Plaintiff's name were publicly tied to the specific ASU department, decisionmakers, accommodation history, medical-leave history, dates, and anticipated medical evidence, the docket would readily identify Plaintiff as the former ASU employee whose disability, leave, accommodation, and termination records are at issue.

The absence of diagnosis-specific allegations in the public Complaint does not eliminate the privacy interest. Plaintiff deliberately avoided unnecessary medical detail at the pleading stage, but future proceedings may require provider restrictions,

accommodation communications, leave records, disability-benefit evidence, and medical documentation relevant to the claims, defenses, causation, and damages. Once Plaintiff's name is publicly linked to those matters, the loss of privacy cannot realistically be undone.

**III. The requested order will not prejudice Defendant and preserves public access.**

Defendant already knows Plaintiff's identity, department, employment history, accommodation and leave records, EEOC charges, and relevant ASU personnel. Pseudonymity will not impair Defendant's ability to, answer, move, , preserve defenses, or try the case. Public filings can use "J. Doe" and role-based identifiers, with any necessary unredacted version lodged under seal under LRCiv 5.6.

The public interest remains protected because the public docket will disclose the claims, legal theories, factual chronology, Defendant's identity, and requested relief. Plaintiff does not seek to seal the case or the merits. Plaintiff asks only for a narrow identity-protection order and sealed reference list so that public access does not unnecessarily disclose Plaintiff's name, contact information, medical records, diagnosis-specific information, provider restrictions, sealed identifiers, or other details that would reasonably identify Plaintiff.

**IV. Requested relief.**

Plaintiff respectfully requests that the Court permit Plaintiff to proceed publicly as J. Doe; permit Plaintiff to use role-based identifiers and limited redactions of identifying information in public filings; maintain the lodged unredacted Complaint, sealed

Declaration, and Rule 5.2 Reference List under seal or restricted access; direct Defendant and any later-appearing party to refer to Plaintiff publicly as J. Doe and avoid public filing of protected identifying information absent further Court order; and permit any party that must use protected identifiers to file a redacted public version and lodge an unredacted version under seal under LRCiv 5.6.

If the Court is inclined to deny or modify this Motion in whole or in part, Plaintiff respectfully requests that the Court maintain the lodged sealed materials under seal or restricted access and provide Plaintiff the time permitted by LRCiv 5.6(e), or such longer period as the Court deems appropriate, to determine whether to proceed by name, submit a further redacted or amended public filing, seek reconsideration or other appropriate relief, withdraw the proposed sealed materials, or voluntarily dismiss the action under Rule 41 if procedurally available, before any sealed or identifying information is placed on the public docket. Plaintiff further requests that any order denying, modifying, or requiring further briefing on this Motion refer to Plaintiff as "J. Doe" and not publicly disclose protected identifying information unless and until Plaintiff has had that opportunity to elect how to proceed.

Respectfully submitted,

*/s/ J. Doe*    J. Doe, Pro Se Plaintiff

Dated: June 26, 2026